IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

APRIL DAWN ROYAL                                                                              PLAINTIFF

V.                                                                       CIVIL ACTION NO. 1:22CV-55-DAS

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF SOCIAL SECURITY                                       DEFENDANT

**MEMORANDUM OPINION AND JUDGMENT**

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal directly to the Fifth Circuit Court of Appeals. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard and considered oral argument, finds the decision of the Commissioner of Social Security should be reversed and remanded.

**FACTS**

The plaintiff, April Royal, filed for benefits on April 5, 2020 alleging onset of disability commencing on February 27, 2019. The Social Security Administration denied the claim initially and on reconsideration. Her insured status does not expire until September 30, 2024.

Following the hearing, the ALJ issued an unfavorable decision on September 29, 2021. (Dkt. 9 p. 19-37).[1] The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined Royal had the following severe impairments: bipolar disorder, anxiety disorder, and post-traumatic stress disorder. The ALJ found she retained the functional capacity (RFC) to perform work at all exertional levels, but is limited to performing simple, routine tasks with a reasoning level of two or less for two-hour blocks of time with no more than occasional public contact in the workplace. She is also limited to occasional routine changes in work settings and duties.

The ALJ found that Royal cannot perform her past relevant work as a medical clerk, which is a semi-skilled job, performed at the sedentary level of exertion, nor as a medical records clerk, a semi-skilled job performed at the light exertional level. Based on the testimony of the vocational expert, the ALJ found Royal could do other jobs that exist in substantial numbers in the national economy, namely dishwasher, an unskilled job performed at the medium level of exertion or as a hand packager, an unskilled job performed at the medium level of exertion or as an assembler of small products, an unskilled job performed at the light level of exertion. These three jobs represent 506,000, 664,000 and 231,000 jobs respectively  The ALJ therefore determined the claimant was not disabled.

## ANALYSIS

The plaintiff assigns two errors on this appeal. She urges the court to find the ALJ erred in finding that her obesity, diabetes milletus, spine disorder and right knee problems were not severe impairments. She also argues the ALJ erred at Step Five in finding she could perform

---

[1] All references are to the administrative record using the court's numbering system, rather than the administrative numbering.

2

other work. Because the court agrees that reversible error occurred in the Step Two determination the court does not reach the second issue.

At Step Two, the ALJ looks to *Stone v. Heckler* and its familiar standard related to severity of an impairment; specifically, that *"*an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler,* 752 F.2d 1099, 1101 (5th Cir. 1985).

Looking at the conditions alleged in this case separately, the ALJ found Royal's obesity was a medically determinable impairment but not a severe one. The record reveals that Royal's BMI varied between thirty-three and thirty-nine. In the higher BMI ranges, given her multiple comorbid conditions, Royal is morbidly obese. While the SSA regulations do not set a specific level of obesity as being severe, the ALJ recognized that excess weight aggravates musculoskeletal conditions. Here this claimant has two significant areas of musculoskeletal problems. She was diagnosed with spondylosis of the thoracic region with myelopathy and radiculopathy. She had decreased range of motion of the musculoskeletal system due to pain and bilateral tenderness of the sacroiliac joints. Straight leg raises were limited to forty-five degrees. A neurosurgery work-up for back pain further noted Grade IV chondromalacia of the lateral inferior quadrant of the patella and Grade III chondromalacia of the weight bearing surfaces of the femoral condyles. The Grade IV rating denotes complete deterioration of the cartilage and exposure of the bone. Nevertheless, the ALJ found no "significant" symptoms to justify finding a "severe" condition. After examining he entire record, however, the court finds the ALJ erred in failing to find these conditions or a combination of these three conditions did not meet the *de minimus* standard set forth in *Stone v. Heckler.*

3

Next, the record reflects that Royal suffers from diabetes mellitus, but the ALJ found it was not a severe impairment under Social Security regulations. The ALJ's decision noted the diagnosis, detailed her medications, and the detailed instructions given to her about blood glucose monitoring. The goal was to bring her A1Cs down below 7%. But her A1C remained extremely elevated at 10.4. The ALJ then refers to the absence of objective evidence of significant work-related limitations, and the court finds no error in this finding.

Uncontrolled diabetes mellitus is a serious disease that puts those afflicted with it at risk of dying or becoming profoundly disabled because of its well-known complications. The worse the extent of disease, the greater the risks, including heart disease, chronic kidney disease, nerve damage impacting feet, vision, and mental health. This dangerous ailment in Royal's case, however, has not yet progressed to the point of causing functional limitations to her ability to work. There is no indication of peripheral neuropathy that would impact her capacity to work, nor is she experiencing kidney failure or any other complication of the disease impairing her ability to perform work related activities. Consequently, the court concludes the ALJ did not err in determining that Royal's diabetes was not a severe impairment under the SSA regulations and *Stone v. Heckler*.

The Commissioner argues that even if the ALJ erred in the Step Two determination, the error is harmless because the ALJ found the claimant had severe impairments and proceeded with the decision and analysis through Step Five. *Reyes v. Sullivan,* 915 F.2d 151, 153-154 (5th Cir. 1987). But as noted in *Cagle v Colvin*, Civ. No. H-12-0296, 2013 WL 2105473, at *5 (S.D. Tex. May 14, 2013), it is not the fact of going beyond Step Two that purges any prejudice from an erroneous Step Two decision. Rather,

> [T]he failure to find a particular impairment severe at step two is not reversible in and of itself as long as the ALJ finds that at least one other impairment is severe.

4

> *However, even if an impairment is found non-severe at step two, the ALJ must still "consider the limiting effects of all [a claimant's] impairment(s), even those that are not severe, in determining [RFC]." 20 C.F.R. §§ 404.1545(e), 416.945(e); see also 20 C.F.R. § 404.1523; Social Security Ruling 96–8p, 1996 WL 374184, at \*5; Loza v. Apfel, 219 F.3d 378, 393 (5th Cir.2000).*

*Cagle* 2013 WL 2105473, at *5 (emphasis added).

The prejudice of a Step Two error is cured and becomes harmless only if all of the claimant's limitations, including any limitations arising from any non-severe conditions, are included in the RFC. In this case, although the ALJ said she was including all of Royal's impairments, severe and non-severe in the RFC, she did not include any restrictions for any physical impairments and clearly at least some existed. While a medically determinable condition may not result in work-related limitations, the ALJ did not find that Royal's obesity and musculoskeletal problems would cause *no* impairment. Moreover, the court finds now that the ALJ erred when she found the physical impairments to be non-severe. Accordingly, on remand the ALJ will consider the plaintiff's physical impairments and if necessary formulate a new RFC or hypotheticals to a vocational expert to decide whether such limitations erode the job base to the extent that a finding of disabled is warranted.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is reversed, and the case remanded for further proceedings consistent with this order

**SO ORDERED** this the 7th day of December, 2022.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**

5